# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HENRY L. BARNES,**

                **Plaintiff,**

**-vs-**                                                    **Case No. 6:11-cv-1516-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Supplemental Security Income benefits under the Social Security Act. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

On May 26, 2006, Plaintiff applied for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 416 (R. 153-155). The claim was denied at the initial level and on reconsideration (R. 84, 86, 91-93, 95-97). Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 31-80), and the ALJ issued an unfavorable decision on May 7, 2009 (R. 18-30). The Appeals Council denied Plaintiff's request for review (R. 8-13), making the decision of the ALJ the final decision of the Commissioner. Plaintiff sought and received additional time from the Appeals Council to file for review in Federal Court (R. 1-5), and this action followed (Doc. 1). The parties consented to the jurisdiction of the undersigned United States Magistrate Judge and the case is now ripe for review. *See* 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3).

## Nature of Claimed Disability

Plaintiff alleged disability beginning May 7, 2005, due to a heart condition, high blood pressure and "breathing issues" (R. 181). At hearing, Plaintiff also complained of back pain (R. 50-51).

*Summary of Evidence*

Plaintiff was 53 years old on the date of the ALJ's decision (R. 153), with a tenth grade education and previous work experience as a construction worker and roofer (R. 182, 185).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: emphysema and obesity (R. 23), and the record supports this uncontested finding. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926), and found that Plaintiff had the residual functional capacity ("RFC") to perform medium work limited to no more than occasional crawling and climbing of ropes and scaffolds; and of ladders exceeding 6 feet; must avoid prolonged (6 hours of an 8 hour shift) exposure to fumes, dusts, gases, solvents; and must avoid unprotected heights (R. 25). The ALJ found that Plaintiff could not return to his past relevant work (R. 28), but relied on vocational expert ("VE") testimony and the Medical Vocational Guidelines ("grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, to conclude that Plaintiff could perform other jobs existing in significant numbers in the national economy and was, therefore, not disabled (R. 29-30).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

On review, Plaintiff raises three issues: 1) whether the ALJ "erred in determining that the claimant has the residual functional capacity to perform medium [work] with no mental non-exertional limitations when the claimant has a full scale IQ of 58, and after failing to consider all of the medical evidence," 2) whether the ALJ erred in relying on the testimony of the Vocational Expert, and 3) whether the ALJ erred in formulating the credibility finding.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Here, the ALJ determined at Step 5 that Plaintiff could perform work in the national economy. The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*The RFC finding*

As noted by Plaintiff, the RFC assessment should be based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Here, the sole objection raised by Plaintiff to the ALJ's RFC finding is the fact that the ALJ includes no mental limitations in the RFC. Referring to a Psychological Report dated July 13, 1970, when Plaintiff was in 8th grade, Plaintiff argues: "[i]t seems reasonable that [a] person with a full scale IQ of 58 would have some type of mental limitations, yet the ALJ makes no mention [of any] in the residual functional capacity [finding]" (Brief at p. 8). Citing to the standard for evaluating medical opinions, Plaintiff argues that the failure to include Plaintiff's "mental retardation" means that the RFC is not based on substantial evidence.

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, *supra; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or

contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Applied here, as Plaintiff acknowledges, the ALJ did mention the report in his determination, but ultimately found Plaintiff did not have any severe mental impairment (R. 24, 27). The examiner who prepared the report was not a treating source, so his opinion is not presumptively entitled to great weight. *See McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir. 1987) (noting that certain opinions "are not entitled to deference because as one-time examiners they were not treating physicians."). Moreover, the report, which indicated that Plaintiff had a Verbal IQ of 58, a Performance IQ of 64, and a Full Scale IQ of 58 (R. 419), was prepared more than *forty years ago*, when Plaintiff was 14 years old (R. 420). As the Commissioner notes, under the agency regulations, I.Q. testing results obtained when children are between the ages of 7 and 16 are considered current for only 2 years. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00D(10)(2012). Plaintiff cites to no *current* evidence establishing that Plaintiff has a medically determinable mental impairment, much less mental retardation.

Although Plaintiff contends that it "seems reasonable" that Plaintiff "would have some type of mental limitations," the recent record shows no evidence of same. Plaintiff did not allege any mental problems as the basis of his disability claim and denied ever having had any treatment for mental problems (R. 212, 370); he reported that he completed tenth grade and did not attend special education classes (R. 185); and his daughter reported that there is "nothing wrong with him mentally." (R. 212). No doctor has noted mental limitations or imposed any restrictions based on mental complaints. Indeed, at a July 2006 consultative examination, the examiner noted that Plaintiff showed no evidence of depression, he was able to sustain fluent, coherent, and intelligent speech and his

cognitive functioning was adequate (R. 311).  The ALJ's decision not to include any mental limitations in the RFC (R. 24) is supported by substantial evidence.

*Vocational Expert Testimony*

Plaintiff next contends that the hypothetical presented to the Vocational Expert is flawed "because the ALJ failed to include any mental limitations in the residual functional capacity posed in the hypothetical question to the vocational expert." (Brief at p. 11). "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002).  An ALJ, however,  is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported."  *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1161 (11th Cir. 2004).  Here, as shown above, the ALJ did not credit any mental limitations and that conclusion is supported by adequate evidence.   As such, it was not error for the ALJ to exclude it from the hypothetical.

*Credibility*

Plaintiff last asserts that the ALJ did not make accurate and specific findings as to credibility of the Plaintiff, thereby amounting to a failure in developing a full and fair record.

Although Plaintiff's argument is not specific as to which finding he believes is "inaccurate," the Court assumes Plaintiff is contesting the basis for rejecting his claims of back pain or subjective limitations arising from his lung condition.  When a claimant attempts to establish disability through his or her own testimony of subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If proof

of a disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote, supra*, 67 F.3d at 1562 (quotation omitted). Courts "have affirmed an ALJ's decision that a claimant's testimony as to the alleged levels of pain and symptoms he experienced was not credible where the allegations were inconsistent with activities of daily living, limited use of pain medication, and effectiveness of treatment." *Carter v. Commissioner of Social Sec.,* 2011 WL 292255, 2 (11th Cir. 2011) (unpublished), *citing Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.

Here, the ALJ summarized Plaintiff's allegations and determined: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" (R. 27). Although Plaintiff contends that the ALJ did not make accurate and specific findings to support this conclusion, the Court finds this to be untrue.

In his decision, the ALJ noted that, although Plaintiff presented to the emergency room for treatment for bronchitis, chronic obstructive pulmonary disease and chest discomfort, the objective medical evidence is not consistent with the allegations of disability (R. 28).[1] The ALJ also noted

---

[1] The ALJ noted: " chest x-rays have demonstrated evidence of emphysema but have failed to show evidence of any acute abnormalities. Cardiac enzymes have been normal. Nuclear tests have also been normal with an estimated ejection fraction of 55%. Physical examinations have demonstrated evidence of wheezing, but lungs appeared clear to auscultation bilaterally without rales or rhonchi. Spirometric pulmonary function test conducted in July 2006 demonstrated evidence of only mild obstruction. In April 2006 the claimant presented to the emergency department for complaints of chest pain. However, the claimant's urine test was positive for cannabinoids, cocaine and opiates." (R. 28, 311, 318, 324).

Plaintiff's activities of daily living, as reported at hearing and in forms (R. 27-28).[2] Plaintiff's noncompliance with treatment was also noted by the ALJ and appears throughout the medical records (R. 27, 403, 404, 320). Considering all of the evidence, the ALJ concluded that Plaintiff's allegations were "somewhat exaggerated" (R. 28). This finding is supported by substantial record evidence cited by the ALJ.

Although it is evident that Plaintiff has challenges and difficulties, the only issue before the Court is whether the decision by the Commissioner is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on November 29, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] "As to his activities of daily living, the claimant testified that he is able to take care of his personal needs. He is also able to fix simple meals and use a microwave. The claimant testified that he is able to vacuum a rug if he goes straight up and down but not twist. He can fill a dishwasher, do the laundry and take out the trash. He estimates that he is able to lift 15 pounds. He can go grocery shopping but not carry bags out" (R. 27).